JOHN B. SORUM v. THEODORE M. KLEMENT.[1]

June 28, 1929.

No. 27,287.

*Daniel DeLury* and *George H. Spear,* for appellant.
*Nelson & Cedergren,* for respondent.

HOLT, J.

Defendant appeals from an order denying his motion in the alternative for judgment non obstante or a new trial.

Defendant owned the north half of the northwest quarter of section 7, township 141, range 25, Cass county, this state, and plaintiff owned the east half of the northeast quarter of the same section, the west half thereof being owned by one Shervem. Plaintiff alleged that through the negligence of defendant fire employed

[1]Reported in 226 N. W. 208.

by him in clearing on his west 40 escaped to the east during the strong west or northwest wind of October 12, 1918 (the day of the great conflagrations in which Moose Lake, Carlton and other timbered regions of northeastern Minnesota suffered so severely) and passed over Shervem's land and onto plaintiff's destroying and injuring the land, growing timber, buildings and personal property. The section in question is east of the village of Remer.   Section 6 is immediately north of section 7.   A town road leads east from Remer to the center of section 6, thence south to the center of section 7, thence east on the south line of the northeast quarter, past the homes of Shervem and plaintiff, the latter's buildings being in the southeast corner of his land.

In addition to the claim that no fire existed on the land of defendant on the day in question and that none escaped therefrom, the evidence adduced by him was that the fire which damaged plaintiff originated on the west half of the southeast quarter of section 6, and whatever was burned on the west side of the road mentioned upon the east 40 of defendant worked back or sideways against the wind.   Plaintiff's endeavor at the trial went to proving that there was fire burning on defendant's clearing both on the forenoon of the 12th of October and the day before and to trace this fire into and across his land between the clearing easterly to and across the road mentioned.   Another item of controversy was the direction of the wind, plaintiff's counsel endeavoring to prove that it was from west or slightly north of west, and defendant's that it was from northwest.   All witnesses agree that in the afternoon the wind increased, becoming almost a gale towards evening.

There are but two assignments of error.   One is that the verdict is not sustained by sufficient evidence, and the other that the court should have granted a new trial on the ground of newly discovered evidence.   The amount of the verdict is not challenged.

No good purpose would be served by a resumé of the evidence or a recital of that which tends to support the verdict.   The settled case has been read attentively and the conclusion reached that the question whether the fire employed to clear defendant's land was

negligently permitted to escape to plaintiff's to the latter's damage was for the jury. There was sharp conflict between plaintiff and defendant as to the existence of fire on the latter's clearing on the 12th of October, likewise as to the tracing of the fire therefrom to the east to plaintiff's premises. This conflict was for the jury to solve. The case was carefully submitted. The court took pains to make clear the burden plaintiff had to show that defendant's fire escaped through his negligence and that in so escaping consumed or damaged plaintiff's property. The attention of the jury was also called to the fact that plaintiff had delayed for over five years before asserting any claim against defendant on account of this fire, and that such delay might properly be considered in "determining the credibility of plaintiff, who was familiar with all the facts." There are the usual discrepancies in the testimony as to the precise time and place where things occurred, accentuated by the fact that witnesses were required to testify as to what took place and was observed more than six years previously, with no thought that it would be important to remember the same accurately in the distant future. But all these matters were for the jury's consideration. Defendant was not entitled to a directed verdict, and we deem the one rendered in favor of plaintiff to be sufficiently supported by the evidence.

This court will rarely interfere with the discretion the trial court has in granting or refusing a new trial on the ground of newly discovered evidence. 5 Dunnell, Minn. Dig. (2 ed.) § 7123. A large part of that which is so set out in the affidavits is cumulative merely, and besides, due diligence was not shown to obtain it for the trial had. There was no abuse of discretion in refusing a new trial upon the ground stated. But it is insisted that it should be granted in the interest of justice, and some stress is laid on the fact that the one of defendant's counsel who took the leading part was taken ill at the commencement of the trial and another member of his firm had to be summoned to try the case. Another prominent attorney represented defendant during the entire trial. Defendant volunteered to go ahead with the trial after a week's

adjournment. The record discloses that no attorney could have conducted the defense with greater skill and persistence than did the one called in to finish the trial. There was a motion for a new trial made on the minutes of the court, and denied. Later, upon a settled case, leave was granted to renew the motion wherein was also assigned newly discovered evidence as a ground not presented before. The motion was argued, but the untimely death of the trial judge left it undecided. The motion was reargued and submitted to his successor, who prior to its determination viewed the location of the fire in company with the attorneys. This had been the purpose also of Judge Stanton. The memorandum of Judge Torrance indicates that careful consideration was given the record and the affidavits in respect to the alleged newly discovered evidence. We see no legal reason for granting a new trial, either on the ground of newly discovered evidence or in the interest of justice, which also is to be exercised cautiously and only to remedy manifest injustice. 5 Dunnell, Minn. Dig. (2 ed.) §§ 7117 and 7118.

The order is affirmed.